IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30410
Summary Calendar
_____

TEODORO ALPUERTO ANDO,

Plaintiff-Appellant,

versus

IMMIGRATION AND NATURALIZATION SERVICE, Detention &
Deportation Section; DORIS MEISSNER; JANET RENO, United
States Attorney General; UNNAMED OFFICER,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-287
- - - - - - - - - -
August 4, 2000
Before JOLLY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Teodoro Alpuerto Ando appeals from the district court's
dismissal of his habeas corpus petition, filed pursuant to 28
U.S.C. § 2241, for lack of subject-matter jurisdiction. The
permanent provisions of the Illegal Immigration Reform and
Immigrant Responsibility Act (IIRIRA) apply to the instant case
because the removal proceedings against Ando commenced after
April 1, 1997. See Max-George v. Reno, 205 F.3d 194, 197 n.3
(5th Cir. 2000).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Ando was found removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) based on his conviction for conspiracy to defraud the Government through fraudulent claims in excess of $10,000 in violation of 18 U.S.C. §§ 286, 287. This court held in Max-George that "IIRIRA's permanent provisions eliminate § 2241 habeas corpus jurisdiction for those cases that fall within [8 U.S.C.] § 1252(a)(2)(C)." Max-George, 205 F.3d at 199. Because Ando's order of removal falls within the provisions set forth in § 1252(a)(2)(C), the district court lacked subject-matter jurisdiction to consider the instant § 2241 petition.

Accordingly, the district court's judgment of dismissal is AFFIRMED. The Immigration and Naturalization Service's motions for summary affirmance and to defer filing of the answering brief are DENIED AS UNNECESSARY.